WARRINGTON S. PARKER III (SBN 148003)
wparker@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
PALANTIR TECHNOLOGIES INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| JEFFREY DAVIDSON,<br><br>Plaintiff,<br><br>v.<br><br>PALANTIR TECHNOLOGIES, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. '24CV1357 RSH JLB<br><br>**DEFENDANT PALANTIR TECHNOLOGIES INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(a), Defendant Palantir Technologies Inc. ("Palantir" or "Defendant") hereby removes this action, *Jeffrey Davidson v. Palantir Technologies Inc. et al.*, Case No. 37-2024-00030567-CU-OE-CTL, from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, San Diego Division.

//

## PROCEDURAL BACKGROUND

1. On or around June 28, 2024, Plaintiff Jeffrey Davidson ("Plaintiff") filed a complaint against Palantir in the Superior Court of California for the County of San Diego (the "Complaint").

2. The Complaint alleges four causes of action for: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Failure to Pay All Wages; and (4) Failure to Pay Wages Upon Separation of Employment, Labor Code § 203. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, as well as all papers served on Defendant in the action to date are attached hereto as **Exhibit 1**.

3. Defendant has not yet answered or otherwise responded to the Complaint. Defendant expressly reserves the right to file any and all appropriate motions, including but not limited to a motion to compel arbitration, after removal to this Court.

## TIMELINESS OF REMOVAL

4. Pursuant to 28 U.S.C. § 1446, a defendant desiring to remove a civil action from state court may do so by filing a notice of removal in the district court of the United States for the district and division where the action is pending within thirty days of formal service of plaintiff's initial pleading. 28 U.S.C. § 1446(a) & (b).

5. On July 2, 2024, Palantir was served via its statutory agent, C T Corporation System, with a copy of the Summons and Complaint. Palantir's removal of this action is therefore timely under 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure because it is filed within thirty (30) days of service of the Complaint.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and Civil L.R. 3-2(d) because the United States District Court for the

Southern District of California is the federal judicial district encompassing the Superior Court for the County of San Diego where this action was originally filed.

## DIVERSITY JURISDICTION

7.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and more than $75,000, exclusive of interest and costs, is at stake.

8.  There is complete diversity between the Plaintiff and Defendant in this action because Plaintiff Davidson and Defendant Palantir are citizens of different states. Plaintiff states in his Complaint that he resides in San Diego County, California. (Complaint § 2.) Plaintiff is therefore a citizen of the State of California. Defendant is incorporated in Delaware and maintains its principal place of business in Colorado. *See* Compl. ¶ 3. A corporation's principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities," or the corporation's "nerve center," which is practically and normally where it maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Accordingly, Defendant is a citizen of the States of Colorado and Delaware. The defendants sued as "DOES 1 through 25, inclusive" are disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

9.  Based on the allegations in the Complaint, the alleged amount in controversy exceeds $75,000. Where, as here, a plaintiff dose not expressly plead a specific amount of damages, a defendant is only required to show that the amount in controversy is more likely than not to exceed the $75,000 jurisdictional requirement. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Plaintiff alleges that he was owed incentive commissions for a multi-million-dollar contract paid under one Compensation Plan as opposed to another. Compl. ¶¶ 14-17. Plaintiff alleges that since his termination, he has not received the value pursuant to a 2023 Compensation Plan. *Id*. ¶ 17, 22, 25. Plaintiff seeks compensatory damages, unpaid wages, penalties, liquidated damages, interest,

costs, and attorneys' fees. (Complaint at Prayer for Relief.) While Palantir denies that Plaintiff is entitled to recover any amount (or any other relief), for purposes of removal only, Palantir avers that the aggregated amount in controversy exceeds $75,000 and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

10. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the California Superior Court action are being filed with this Notice of Removal. Defendant is not aware of any process, pleadings, or orders besides that which have been attached hereto as **Exhibit 1**.

11. Promptly after the filing of this Notice of Removal, Defendant will give written notice of the filing to Plaintiff as required by 28 U.S.C. § 1446(d).

12. A copy of this Notice will also be filed with the clerk of the Superior Court of the State of California for the County of San Diego as required by 28 U.S.C. § 1446(d).

WHEREFORE, for all the above reasons, Palantir hereby removes this action from the Superior Court of California for the County of San Diego to the United States District Court for the Southern District of California.

Dated: July 31, 2024                         CROWELL & MORING LLP

By: _____
Warrington S. Parker III

Attorneys for Defendant
PALANTIR TECHNOLOGIES INC.

## DEFENDANT'S INDEX OF EXHIBITS

| Exhibit # | Document Title | Pages |
|---|---|---|
| 1 | All process, pleadings, and orders served on Defendant. | 1-24 |