WARRINGTON S. PARKER III (SBN 148003)
  wparker@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
PALANTIR TECHNOLOGIES INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| JEFFERY DAVIDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>PALANTIR TECHNOLOGIES INC., a Delaware Corporation; and DOES 1-25, inclusive,<br><br>        Defendants. | Case No. 3:24-cv-01357-RSH-JLB<br><br>**DEFENDANT PALANTIR TECHNOLOGIES INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Date:  September 17, 2024<br>Ctrm:  3B – 3rd Floor<br>Judge:  Hon. Robert S. Huie |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 17, 2024 or as soon thereafter as this matter may be heard by the above-entitled Court, located at 221 West Broadway, San Diego, CA 92101, Defendant Palantir Technologies Inc. ("Palantir") will and hereby does move for an order (1) compelling Plaintiff to resolve the instant matter through binding arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and (2) staying the litigation pending the

1  outcome of arbitration.

2      This motion is made following the conferences of counsel that took place on
3  July 11, 22, 24, and 29, 2024. Declaration of Warrington S. Parker III at ¶¶ 5-7.
4      This motion is based on this Notice of Motion and Motion, the following
5  Memorandum of Points and Authorities, the concurrently-filed Declarations of
6  Warrington S. Parker, III and Nicole Slocum, the pleadings and papers on file in
7  this action, and any other matter the Court deems proper and just.

8  Dated: August 6, 2024          CROWELL & MORING LLP

By: _____
    Warrington S. Parker III

Attorneys for Defendant
PALANTIR TECHNOLOGIES INC.

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 1

I.    Plaintiff Agreed to Arbitrate Claims Arising Out Of, Relating To, or Resulting from His Employment. ........................................................................................................ 1

II.    Procedural History ................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

I.    THE FEDERAL ARBITRATION ACT MANDATES ARBITRATION OF PLAINTIFF'S CLAIMS. ........................................................................................ 4

II.    ALL CLAIMS IN THE COMPLAINT FALL WITHIN THE SCOPE OF THE ARBITRATION AGREEMENT AND ARE PROPERLY ARBITRATED. ....... 5

III.    THE MANDATORY ARBITRATION PROVISIONS ARE ENFORCEABLE. .... 5

IV.    THE COURT CAN AND SHOULD SEVER THE WASHINGTON CHOICE OF LAW AND FORUM SELECTION PROVISIONS AND ENFORCE THE ARBITRATION AGREEMENT. ................................................................................ 7

V.    THIS COURT SHOULD COMPEL ARBITRATION AND STAY THIS ACTION PENDING ARBITRATION. ................................................................................ 10

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
   24 Cal. 4th 83 (2000) .................................................................................. 7

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) .................................................................................... 6

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986) .................................................................................... 4

*Bushsnaum v. Digital Intelligence Sys., LLC*,
   No. 20-cv-00706-BAS-AGS, 2020 WL 7059515 (S.D. Cal. Dec. 2, 2020) .......................... 10

*Chamber of Commerce v. Bonta*,
   62 F.4th 473 (9th Cir. 2023) ....................................................................... 5

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126 (9th Cir. 2000) ..................................................................... 4

*Dominguez v. Stone Brewing Co., LLC*,
   No. 20-cv-251-WQH-BLM, 2020 WL 3606396 (S.D. Cal. July 2, 2020) ............................ 5, 6

*Galen v. Redfin Corp.*,
   No. 14-cv-05229-TEH, 14-cv-05234-TEH, 2015 WL 7734137 (N.D. Cal. Dec.
   1, 2015 ............................................................................................... 8, 10

*Grabowski v. Robinson*,
   817 F. Supp. 2d 1159 (S.D. Cal. 2011) ........................................................... 9

*Haisah Corp. v. Sprint Soluations, Inc.*,
   No. 14-cv-2773-GPC MDD, 2015 WL 224407 (S.D. Cal. Jan. 15, 2015) ....................... 8, 10

*Jasso v. Money Mart Exp., Inc.*,
   879 F. Supp. 2d 1038 (N.D. Cal. 2012) ......................................................... 6, 9

*Kinney v. United HealthCare Servs., Inc.*,
   70 Cal. App. 4th 1322 (1999) ...................................................................... 7

*Lang v. Skytap, Inc.*,
   347 F. Supp. 3d 420 (N.D. Cal. 2018) ........................................................ 8, 9, 10

*Larsen v. Reverse Mortg. Sols., Inc.*,
   No. 3:15-CV-01512-L-MDD, 2016 WL 1223362 (S.D. Cal. Mar. 29, 2016) ........................ 5

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*,
    363 F.3d 1010 (9th Cir. 2004) .................................................................................... 4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*,
    473 U.S. 614 (1985) .................................................................................................. 5

*Newton v. Am. Debt Servs., Inc.*,
    854 F. Supp. 2d 712 (N.D. Cal. 2012), *aff'd*, 549 F. App'x 692 (9th Cir. 2013) ...... 7

*Nyulassy v. Lockheed Martin Corp.*,
    120 Cal. App. 4th 1267 (2004) ................................................................................. 7

*Pinedo v. Premium Tobacco Stores, Inc.*,
    85 Cal. App. 4th 774 (2000) ..................................................................................... 7

*Roman v. Superior Court*,
    172 Cal. App. 4th 1462 (2009) ............................................................................. 5, 6

*Serpa v. Cal. Surety Investigations, Inc.*
    215 Cal. App. 4th 695 (2013) ................................................................................... 8

*Smith v. Spizzirri*,
    601 U.S. 472 (2024) ................................................................................................ 10

*Southland Corp. v. Keating*,
    465 U.S. 1 (1984) ...................................................................................................... 4

*Vargas v. Delivery Outsourcing, LLC*,
    No. 15-cv-03408, 2016 WL 946112 (N.D. Cal. Sept. 28, 2016) .............................. 8

**Statutes**

9 U.S.C. § 2 .......................................................................................................................... 4

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

DEFENDANT PALANTIR'S MOTION TO COMPEL
ARBITRATION; CASE NO. 3:24-cv-01357-RSH-JLB

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In May 2021, in connection with being hired by Defendant Palantir Technologies Inc., Plaintiff signed an agreement to arbitrate all claims or disputes that arise from, relate to, or result from his employment with Defendant. Declaration of Nicole Slocum ("Slocum Decl."), Ex. 1, § 1.A. (Palantir Technologies Inc. Arbitration Agreement).

Plaintiff has now filed a complaint alleging claims that arise from, relate to, and result from his employment and termination of employment. Specifically, Plaintiff alleges that Defendant failed to compensate him as required by an incentive compensation plan. The claims arising from these allegations are breach of contract, breach of the covenant of good faith and fair dealing, and failure to pay wages in violation of the California Labor Code.

These claims expressly fall within the scope of the Arbitration Agreement, which requires Plaintiff to arbitrate all common law claims and claims based on a violation of the California Labor Code.

Accordingly, pursuant to the Federal Arbitration Act, Defendant requests that the Court order Plaintiff to arbitrate his claims as required under the Arbitration Agreement and stay this litigation pending arbitration.

## STATEMENT OF FACTS

**I.     Plaintiff Agreed to Arbitrate Claims Arising Out Of, Relating To, or Resulting from His Employment.**

***Plaintiff's Claims.*** On June 7, 2021, Plaintiff began his employment with Defendant as a salesperson. *See* Complaint ¶ 11 (for convenience a copy is attached to the concurrently filed Declaration of Warrington S. Parker III ("Parker Decl."), as Ex. A). In connection with this employment and at the time of hiring on May 18, 2021, Plaintiff signed an Arbitration Agreement. *See* Slocum Decl. Ex. 1.

At the time Plaintiff signed the Arbitration Agreement, he resided in the state of Washington. Slocum Decl. ¶ 4. On or about February 16, 2023, Plaintiff moved to San Diego, California. Parker Decl. Ex. A ¶ 13.

***Plaintiff's Claims.*** Plaintiff filed a Complaint on June 28, 2024 in the Superior Court of the State of California, County of San Diego. Parker Decl. Ex. A. All of his claims arise from, relate to, or result from Plaintiff's employment with Defendant. Specifically, Plaintiff claims that Defendant failed to compensate him in accordance with the proper incentive compensation plan. *See, e.g.*, Parker Decl. Ex. A, Complaint ¶¶ 10-28. This allegation gives rise to Plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and his claims that Defendant violated certain provisions of the California Labor Code.

***Scope of Agreement.*** The Agreement provides that Plaintiff agrees to arbitrate "any and all controversies, claims, or disputes . . . arising out of, relating to, or resulting from [his] employment with [Defendant] . . . ." Slocum Decl. Ex. 1, § 1.A; *see also* § C ("arbitration shall be the sole, exclusive, and final remedy for any dispute between [the parties]" and "neither [party] will be permitted to pursue court action regarding claims that are subject to arbitration").

The Agreement further expressly states that the disputes Plaintiff agrees to arbitrate includes, among others, claims brought under "local, state, or federal law, including, but not limited to, claims under . . . the California Labor Code . . . and any statutory or common law claims." *Id.* § 1.A. Accordingly, Plaintiff's common law breach of contract and breach of the covenant of good faith and fair dealing claims, as well as the two claims asserted under the California Labor Code, fall squarely within the scope of the Arbitration Agreement.

***Other Relevant Provisions.*** The Agreement provides that Defendant will pay for any administrative or hearing fees. Slocum Decl. Ex. 1, § 1.B. It provides that Plaintiff will pay for any filing fees associated with the initiation of the

arbitration "but only so much of the filing fees as [Plaintiff] would have instead paid had [Plaintiff] filed a complaint in a court of law." *Id.*  The Agreement does not limit the claims that can be brought, except that Plaintiff may not bring a class action.  It also does not constrain the legal remedies that are otherwise afforded by law, or otherwise dictate discovery, length of hearing, or the conduct of the arbitration.  *See* Slocum Decl., Ex. 1.

***Choice of Law Provisions and Forum Selection Provisions.***  When Plaintiff signed the Arbitration Agreement, he was a resident of Washington.  Slocum Decl. ¶ 4.  For that reason, the Agreement contains Washington choice of law and forum selection provisions.  Ex. 1, § 2.

When Plaintiff moved to California in or around February 2023, Plaintiff signed a Remote Worker Agreement.  Slocum Decl. Ex. 2; Parker Decl. Ex. A ¶ 13.  The Remote Worker Agreement did not supersede the Arbitration Agreement and continued in effect because the Remote Worker Agreement only superseded "any prior agreement or understandings . . . that are inconsistent with its terms."  Slocum Decl. Ex. 2 at 1.  The Remote Worker Agreement did not purport to address arbitration or the resolution of disputes in any way.

Because Plaintiff now resides in California, Defendant has expressly stated and represented to Plaintiff that Defendant will not seek to enforce the Washington choice of law and forum selection provisions of the Arbitration Agreement.  Defendant agrees to the application of California substantive and procedural law and California venue.  Parker Decl., ¶¶ 5-7, Exs. B, C, and D.

**II.  Procedural History**

On July 31, 2024, Defendant timely removed the case to this Court.  Dkt. No. 1.  Defendant now moves this Court to order Plaintiff to arbitrate his claims as required under the Arbitration Agreement and to stay the litigation pending arbitration.

# ARGUMENT

## I. THE FEDERAL ARBITRATION ACT MANDATES ARBITRATION OF PLAINTIFF'S CLAIMS.

The Court should compel Plaintiff to arbitrate his claims in accordance with the parties' Arbitration Agreement and the Federal Arbitration Act ("FAA"). The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As the Supreme Court has explained, "[i]n enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).

Where a contract contains an arbitration clause, "there is a presumption of arbitrability" under the FAA such that "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (internal citations omitted). Moreover, "'as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1131 (9th Cir. 2000) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

In determining whether to compel arbitration under the FAA, courts in the Ninth Circuit are "limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). If those factors are met, the Court must enforce the arbitration agreement.

///

## II. ALL CLAIMS IN THE COMPLAINT FALL WITHIN THE SCOPE OF THE ARBITRATION AGREEMENT AND ARE PROPERLY ARBITRATED.

Plaintiff's claims fall squarely within the scope of the provisions contained in the Arbitration Agreement. Courts have so concluded when interpreting similar arbitration provisions. *See, e.g., Larsen v. Reverse Mortg. Sols., Inc.,* No. 3:15-CV-01512-L-MDD, 2016 WL 1223362, at *6 (S.D. Cal. Mar. 29, 2016) (compelling arbitration where employment contract and California Labor Code claims fell under scope of arbitration agreement); *Dominguez v. Stone Brewing Co., LLC*, No. 20-cv-251-WQH-BLM, 2020 WL 3606396, at *9 (S.D. Cal. July 2, 2020) (compelling arbitration where agreement covered "all disputes . . . which might arise out of [plaintiff's] employment"); *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1466 (2009) (enforcing arbitration clause that covered "all disputes that cannot be resolved by informal internal resolution which might arise out of [the plaintiff's] employment with the company, whether during or after that employment"); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.,* 473 U.S. 614, 625 n. 13 (1985) (noting that claims are arbitrable under "arising out of or related to" language if factual allegations "touch matters" covered by the arbitration agreement). Moreover, Plaintiff's claims are expressly covered by the Arbitration Agreement because they are common law and California Labor Code claims. *See* Parker Decl., Ex. A Caption & Causes of Action.

As such, all of Plaintiff's claims are subject to arbitration.

## III. THE MANDATORY ARBITRATION PROVISIONS ARE ENFORCEABLE.

Mandatory arbitration provisions in employment contracts will not be enforced "if the provisions are procedurally *and* substantively unconscionable, or otherwise unenforceable under generally applicable contract rules." *Chamber of Commerce v. Bonta*, 62 F.4th 473, 488 (9th Cir. 2023) (emphasis added); *see also id.* at 489 (explaining that under California law, "an employee can 'consent' to an

employment contract by entering into it, even if the contract was a product of unequal bargaining power" and contains an arbitration provision, "so long as the terms are not invalid due to unconscionability or other generally applicable contract principles"). Here, there is no reason why the Arbitration Agreement is unenforceable, in particular because Defendant agrees that the Washington State forum and choice of law provision should be severed and the claims arbitrated in California.

Procedurally there is no infirmity. Plaintiff signed the Agreement in connection with his hiring. It is legible, mutual, and expressly states that it was voluntarily signed. It is enforceable for these reasons. *See, e.g.*, *Dominguez*, 2020 WL 3606396, at *10 (granting motion to compel arbitration and dismissing action where arbitration agreement was a condition of employment and was valid and enforceable); *Jasso v. Money Mart Exp., Inc.*, 879 F. Supp. 2d 1038, 1051-52 (N.D. Cal. 2012) (enforcing arbitration agreement that was a condition of employment because there was no surprise about the terms and the agreement was legible, mutual, and clearly signed and initialed by the plaintiff); *Roman*, 172 Cal. App. 4th at 1466 (enforcing arbitration clause that was a condition of employment because it was not unconscionable).

Substantively there is no infirmity that cannot be remedied by severing the Washington State forum and choice of law provision. It is a mutual agreement to arbitrate—Defendant is bound to arbitrate as well. Slocum Decl. Ex. 1, §§ 1.A, 1.C. Defendant has agreed to pay for administrative and hearing fees associated with the arbitration. *Id.* at § 1.B. Plaintiff is not limited as to those remedies he may seek or the claims he may bring, except that Plaintiff may not bring a class action or representative proceeding. Slocum Decl. Ex. 1, § 1. A.[1] Further, the

---

[1] A restriction on class action claims is not unconscionable. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (holding that a class action waiver is valid under the FAA and does not contravene California public policy).

1  Agreement does not purport to dictate the arbitration procedures.  Slocum Decl. Ex.
2  1, § 1.B.  For these reasons as well, it is enforceable.

3  This is unlike cases where courts find an arbitration agreement
4  unenforceable.  *Compare Newton v. Am. Debt Servs., Inc.,* 854 F. Supp. 2d 712,
5  725 (N.D. Cal. 2012), *aff'd*, 549 F. App'x 692 (9th Cir. 2013) (finding limitation of
6  liability clause, unilateral choice of arbitrator, and sharing of fees and forfeiture of
7  attorney's fees in arbitration agreement unconscionable); *Armendariz v. Found.*
8  *Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 121 (2000) (finding that remedies
9  limitation in arbitration agreement was contrary to public policy and unlawful);
10 *Pinedo v. Premium Tobacco Stores, Inc.*, 85 Cal. App. 4th 774, 781 (2000)
11 (arbitration clause unenforceable because it was inherently one-sided, it included a
12 limitation on remedies, and the employee would bear all arbitration costs); *Kinney*
13 *v. United HealthCare Servs., Inc.*, 70 Cal. App. 4th 1322, 1332 (1999) (finding an
14 arbitration agreement to compel the employee, but not the employer, to submit
15 claims to arbitration unconscionable); *Nyulassy v. Lockheed Martin Corp.*, 120 Cal.
16 App. 4th 1267, 1282-83, n. 12 (2004) (holding that an arbitration agreement was
17 substantively unconscionable because, among other reasons, the agreement
18 shortened the limitations periods on the employee's claims, but not employer's
19 claims).  Absent circumstances similar to these cases, Plaintiff should be bound to
20 arbitration.

21 **IV.   THE COURT CAN AND SHOULD SEVER THE WASHINGTON CHOICE OF LAW AND FORUM SELECTION PROVISIONS AND ENFORCE THE ARBITRATION AGREEMENT.**

23 The fact that the Arbitration Agreement contains Washington choice of law
24 and forum selection provisions does not render the Agreement unenforceable.  As
25 noted, Plaintiff was a Washington resident when he signed the Agreement.
26 However, Defendant has agreed that those terms should not be applied so that
27 Plaintiff can arbitrate his claims under California law in California.  Parker Decl. ¶
28 7 Ex. D.

Therefore, this Court should sever the Washington choice of law and forum selection provisions and enforce the remainder of the Agreement. This is consistent with California law and the decisions of this Court. In the words of California courts, when the arbitration agreement is "not otherwise permeated by unconscionability, the offending provision[s], which [are] plainly collateral to the main purpose of the contract, [can be] properly severed and the remainder of the contract enforced." *Serpa v. Cal. Surety Investigations, Inc.* 215 Cal. App. 4th 695, 710 (2013).

Courts weigh three factors in determining whether the provisions are severable: (1) whether the provision relates to the agreement's chief objective, (2) whether the arbitration agreement contained more than one provision that is to be severed, and (3) whether a lack of mutuality permeated the entire agreement. *Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 433 (N.D. Cal. 2018) (citing *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 124-125 (2000)). In this case, all three factors weigh in favor of severing the Washington forum and choice of law provision and enforcing the remainder of the Arbitration Agreement.

First, the forum and choice of law provision does not relate to the chief objective of the Arbitration Agreement. Courts have found that severing forum selection clauses and/or choice of law provisions are "merely collateral" to the main purpose of an arbitration agreement. *Haisah Corp. v. Sprint Soluations, Inc.*, No. 14-cv-2773-GPC MDD, 2015 WL 224407, at *9 (S.D. Cal. Jan. 15, 2015) (enforcing arbitration agreement and severing non-California forum selection clause); *Vargas v. Delivery Outsourcing, LLC*, No. 15-cv-03408, 2016 WL 946112, at *11 (N.D. Cal. Sept. 28, 2016) (concluding "the choice of law clause and the forum selection clause are 'merely collateral' to the main purpose of the [arbitration] agreement and that the clauses can easily be severed from the Agreement"); *see Galen v. Redfin Corp.*, No. 14-cv-05229-TEH, 14-cv-05234-TEH, 2015 WL 7734137, at *10 (N.D. Cal. Dec. 1, 2015) (severing Washington

1  choice of law and forum selection clauses and enforcing arbitration agreement
2  because it did not deprive plaintiffs of statutorily protected rights).

3  Second, the forum and choice of law provision is the only potentially
4  unenforceable provision in this agreement, weighing in favor of severability.
5  Courts will still sever provisions even if multiple unenforceable provisions are
6  present. *Grabowski v. Robinson*, 817 F. Supp. 2d 1159, 1179 (S.D. Cal.
7  2011) (severing three unconscionable terms, including an attorney's fee provision).

8  Third, as discussed above, there is no lack of mutuality that permeated the
9  entire agreement. The Arbitration Agreement is legible, mutual, and expressly
10 states that it was voluntarily signed. *See Jasso,* 879 F. Supp. 2d at 1051-52
11 (enforcing arbitration agreement that was a condition of employment because there
12 was no surprise about the terms and the agreement was legible, mutual, and clearly
13 signed and initialed by the plaintiff); Slocum Decl. Ex. 1, § 1.A (Plaintiff agrees to
14 arbitrate "any and all controversies, claims, or disputes . . . arising out of, relating
15 to, or resulting from [his] employment with [Defendant] . . . ."). It was a mutual
16 agreement, as Defendant was also bound to arbitration. Slocum Decl. Ex. 1, § 1.C
17 ("arbitration shall be the sole, exclusive, and final remedy for any dispute between
18 [the parties]" and "neither [party] will be permitted to pursue court action regarding
19 claims that are subject to arbitration"). The Agreement did not purport to limit
20 Plaintiff's ability to bring any particular claims or seek any remedies, except that he
21 could not pursue a class action or representative proceeding. *See supra*, n.1.

22 Finally, the Arbitration Agreement contains a severance clause. *See* Slocum
23 Decl. Ex. 1 at §5. *See Grabowski*, 817 F. Supp. 2d at 1179 (considering
24 severability clause); *see also Lang*, 347 F. Supp. 3d at 433 (same).

25 All of this weighs in favor of severing the forum and choice of law provision.
26 The court in *Lang* found severance appropriate and enforced arbitration in similar
27 circumstances. *Lang*, 347 F.Supp.3d at 429. In *Lang,* the court found that the
28 Washington forum selection clause and related choice of law clause were easily

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-   DEFENDANT PALANTIR'S MOTION TO COMPEL
ARBITRATION; CASE NO. 3:24-cv-01357-RSH-JLB

1  severable. *Id*. at 433.  The court further noted, as here, that defendants agreed to
2  move the arbitration to California and apply California law, which the court found
3  relieved plaintiff of any burden that would have been imposed on plaintiff by
4  having to travel to Washington, and allowing plaintiff all statutory remedies and
5  protections that he would be afforded in a California court.  *Id*.  The court in *Lang*
6  severed the Washington forum and choice of law provision, along with two other
7  unconscionable provisions, and enforced the remainder of the arbitration
8  agreement.  *Id.*

9  Nor does *Lang* stand alone.  *See Bushsnaum v. Digital Intelligence Sys., LLC*,
10  No. 20-cv-00706-BAS-AGS, 2020 WL 7059515, at *6-8 (S.D. Cal. Dec. 2, 2020)
11  (citing *Lang* and severing Virginia choice of law and forum selection provisions
12  and enforcing arbitration agreement); *Haisah,* 2015 WL 224407, at *9 (enforcing
13  arbitration agreement and severing non-California forum selection clause and
14  stating that it was "merely collateral" to the main purpose of the arbitration
15  agreement); *Galen,* 2015 WL 7734137, at *10 (severing Washington choice of law
16  and forum selection clauses).

17  For these reasons, the Washington choice of law and forum selection
18  provisions do not render the Agreement unenforceable.

### V. THIS COURT SHOULD COMPEL ARBITRATION AND STAY THIS ACTION PENDING ARBITRATION.

21  Given the above, the Court should compel arbitration and stay this action
22  pending arbitration.  *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

### CONCLUSION

24  For the foregoing reasons, Palantir respectfully requests that the Court grant
25  its Motion to Compel Arbitration and Stay Proceedings Pending Arbitration.

| | | |
|---|---|---|
| 1 | Dated: August 6, 2024 | CROWELL & MORING LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Warrington S. Parker III |
| 5 | | Attorneys for Defendant<br>PALANTIR TECHNOLOGIES INC. |