WARRINGTON S. PARKER III (SBN 148003)
wparker@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
PALANTIR TECHNOLOGIES INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

JEFFREY DAVIDSON,

Plaintiff,

v.

PALANTIR TECHNOLOGIES, INC.; and DOES 1 through 10, inclusive,

Defendants.

Case No. 3:24-cv-01357-RSH-JLB

**DECLARATION OF WARRINGTON S. PARKER III IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Date: September 17, 2024
Ctrm: 3B – 3rd Floor
Judge: Hon. Robert S. Huie

I, Warrington S. Parker III, hereby declare and state as follows:

1. I am a partner with the law firm of Crowell & Moring LLP, counsel of record for Palantir Technologies Inc. ("Defendant" or "Palantir") in the above-captioned matter.

2. I am over the age of 18 and have personal knowledge of the following facts and, if called upon to do so, would and could competently testify thereto.

3. This Declaration is submitted in support of Defendant's Notice of Motion and Motion to Compel Arbitration and Stay Proceedings Pending Arbitration.

4. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint Filed June 26, 2024 in *Jeffrey Davidson v. Palantir Technologies Inc. et al.*, Case No. 37-2024-00030567-CU-OE-CTL, filed in the the Superior Court of the State of California for the County of San Diego and as served on Defendant on July 2, 2024.

5. On July 11, 2024, I reached out to Plaintiff's Counsel to provide his Counsel with a copy of Plaintiff's employment agreement and Arbitration Agreement to propose moving to arbitration immediately. A true and correct copy of my July 11, 2024 email is attached here to as **Exhibit B**.

6. On July 22, 2024, Plaintiff's Counsel responded. A true and correct copy of this July 22, 2024 email is attached here to as **Exhibit C**.

7. Between July 29 and July 30, 2024, I continued to correspond with Plaintiff's counsel, including letting Plaintiff's counsel know that Defendant would move to remove the case and file a motion to compel arbitration by the required deadlines to preserve their rights. I also agreed that Defendant is agreeable to arbitration in California and under California Law. A true and correct copy of the email correspondence between July 29 and July 30, 2024 is attached as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2024 at Wilmington, Delaware.

Warrington S. Parker III

# <u>DEFENDANT'S INDEX OF EXHIBITS TO PARKER DECLARATION</u>

| Exhibit # | Document Title | Pages |
|---|---|---|
| Parker – A | Plaintiff's Complaint Filed June 26, 2024 in *Jeffrey Davidson v. Palantir Technologies Inc. et al.*, Case No. 37-2024-00030567-CU-OE-CTL, filed in the the Superior Court of the State of California for the County of San Diego | 1-24 |
| Parker – B | Parker July 11, 2024 email to Baker | 25-26 |
| Parker – C | Baker July 22, 2024 email to Parker | 27-30 |
| Parker – D | Parker July 29-30, 2024 emails with Baker | 31-37 |

# EXHIBIT A

## Service of Process Transmittal Summary

**TO:** Quynh Vu, Litigation Counsel
PALANTIR TECHNOLOGIES INC.
100 HAMILTON AVE STE 300
PALO ALTO, CA 94301-1651

**RE:** **Process Served in California**

**FOR:** Palantir Technologies Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JEFFREY DAVIDSON // To: Palantir Technologies Inc. |
| **CASE #:** | 37202400030567CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/02/2024 at 13:20 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Justin Laubach jlaubach@palantir.com<br>Email Notification, Brendan Cooney bcooney@palantir.com<br>Email Notification, John Lobato jlobato@palantir.com<br>Email Notification, Tom Camilleri tcamilleri@palantir.com<br>Email Notification, Sara Wilder swilder@palantir.com<br>Email Notification, Tyrone Ignacio tignacio@palantir.com<br>Email Notification, Ryan Taylor rtaylor@palantir.com<br>Email Notification, Laura Personick lpersonick@palantir.com<br>Email Notification, Allison Cheung allisonc@palantir.com<br>Email Notification, Quynh Vu quynhv@palantir.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jul 2, 2024
**Server Name:** Jimmy Lizama

| | |
|---|---|
| Entity Served | PALANTIR TECHNOLOGIES INC. |
| Case Number | 37-2024-00030567-CU-OE-CTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/28/2024** at 10:30:11 AM
Clerk of the Superior Court
By Gabriel Lopez,Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
PALANTIR TECHNOLOGIES, INC.; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JEFFREY DAVIDSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central - Hall of Justice
330 W. Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2024-00030567-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michelle B. Baker, Esq.; 4225 Executive Sq., Ste. 600, La Jolla, CA 92037; 858 452 0093

DATE: *(Fecha)* 07/01/2024 Clerk, by *(Secretario)* G. Lopez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: PALANTIR TECHNOLOGIES, INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michelle B. Baker, Esq. (199130); Kelsey Aliabadi, Esq. (343804)
Baker Law Group, LLP; 4225 Executive Sq., Ste 600, La Jolla, CA 92037

TELEPHONE NO.: 858 452 0093 FAX NO. :
EMAIL ADDRESS: Michelle@bakerllp.com; Kelsey@bakerllp.com
ATTORNEY FOR *(Name):* Jeffrey Davidson

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/28/2024** at 10:30:11 AM
Clerk of the Superior Court
By Gabriel Lopez,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central - Hall of Justice

CASE NAME:
Jeffrey Davidson v. Palantir Technologies, Inc.

## CIVIL CASE COVER SHEET

- [x] **Unlimited** (Amount demanded exceeds $35,000)
- [ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

- [ ] Counter
- [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2024-00030567-CU-OE-CTL

JUDGE: Judge Richard S. Whitney
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/26/2024
Michelle B. Baker, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
  - Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

Michelle B. Baker, Esq. (SBN 199130)
Kelsey Aliabadi, Esq. (SBN 343804)
BAKER LAW GROUP, LLP
4225 Executive Square, Suite 600
La Jolla, California 92037
Telephone: (858) 452-0093
E-mail: michelle@bakerllp.com

*Counsel for Plaintiff Jeffrey Davidson*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/28/2024** at 10:30:11 AM
Clerk of the Superior Court
By Gabriel Lopez,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

JEFFREY DAVIDSON,

Plaintiff,

*v.*

PALANTIR TECHNOLOGIES, INC.; and DOES 1 through 10, inclusive,

Defendants.

CASE NO.: 37-2024-00030567-CU-OE-CTL

**COMPLAINT FOR:**

1. Breach of Contract
2. Breach of Implied Covenant of Good Faith and Fair Dealing
3. Failure to Pay All Wages
4. Failure to Pay Wages Upon Separation of Employment, Labor Code §203

**JURY TRIAL DEMANDED**

JEFFREY DAVIDSON ("Plaintiff"), an individual, alleges the following against PALANTIR TECHNOLOGIES, INC. and DOES 1 through 10, inclusive ("Palantir" or "Defendant").

## JURISDICTION AND PARTIES

1. This action arises out of acts, representations and events occurring within the jurisdiction of the County of San Diego, California.

2. Plaintiff is, and at all times mentioned herein was, an individual residing in the State of California, County of San Diego.

3. Palantir Technologies, Inc. is a Delaware corporation with its principal place of business located in the State of Colorado.

4. Whenever in this Complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees, or representatives, who were actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

5. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein as DOES 1-10, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names. Plaintiff will amend this Complaint to plead the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

6. Plaintiff is informed and believe, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the liability of the Defendants as alleged herein.

7. Plaintiff is further informed and believe, and thereon allege, that at all times herein material, Defendants were completely dominated and controlled by Doe Defendants and each was

the alter ego of the other. At those times, a unity of interest and ownership between Defendants and Doe Defendants on the other hand existed such that the separate personalities of this corporation and Doe Defendants did not in reality exist. Additionally, Plaintiff would suffer an inequitable harm if the actions of Defendants were treated as acts only of Defendants, and not the acts of Doe Defendants. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant to this action Defendants, *inter alia*, failed to observe the requisite corporate formalities, was inadequately capitalized, and its ownership and control were inappropriately concentrated in Doe Defendants.

8. Plaintiff is further informed and believe, and thereon allege, that at all times herein material, each defendant, was completely dominated and controlled by its co-defendants and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally. Whenever and wherever reference is made to individuals who are not named as defendants in this Complaint, but were employees/agents of, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

9. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally. Whenever and wherever reference is made to individuals who are not named as defendants in this Complaint, but were employees/agents of, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

## GENERAL ALLEGATIONS

10. Defendant engages in the sale of software for the integration, visualization, and analysis of data.

11. Plaintiff began employment with Defendant on or about June 7, 2021, as a Salesperson. The compensation offered to and accepted by Plaintiff was a base salary coupled with

a commission plan. In his role, Plaintiff was principally involved in the selling of Defendant's services upon which his commissions were measured.

12. California law states that incentive compensation such as bonuses and profit-sharing plans constitute "wages." *Schachter v. Citigroup, Inc.*, (2009) 101 Cal.Rptr.3d 2, 47 Cal.4th 610. A compensation scheme is deemed to constitute commission wages when the employees is "involved principally in selling a product or service" and the amount of their compensation is a "percent of the price of the product or service." *Keyes Motors, Inc. v. Division of Labor Standards Enforcement* (1987) 197 Cal.App.3d 557, 563.

13. On or about February 16, 2023, Plaintiff moved to San Diego, California and entered into a remote working agreement with Defendant. The remote working agreement stated, "The Company shall maintain responsibility for payment of all salary and benefits and shall fulfill such responsibility in accordance with the applicable laws of the Remote Work Location."

14. Plaintiff's compensation continued to consist of a base salary and participation in Defendant's 2023 Incentive Compensation Plan ("2023 Comp. Plan"). The 2023 Comp. Plan described "the terms and conditions under which Participant may Earn commissions."

15. Pursuant to the 2023 Comp Plan, commissions would be deemed "Earned" if:

- The Sale was completed;
- Defendant has recognized revenue on the applicable Sale;
- Plaintiff was eligible to participate in the incentive compensation;
- Plaintiff was noted as a Participant on the Booking of the applicable Sale.
- 

16. On or about September 26, 2023, Plaintiff closed a multi-million-dollar contract ("Schlepper Contract"). In closing the Schlepper Contract Plaintiff met all of the above conditions to earn his commission.

17. Instead of compensating Plaintiff under his 2023 Comp. Plan, Defendant compensated Plaintiff pursuant to Defendant's European Compensation Plan ("EMEA Plan"). Plaintiff had never seen nor executed an agreement with Defendant under the EMEA Plan.



Exhibit A
Page 11

18. Plaintiff attempted to rectify the improper compensation directly with Defendant. Defendants advised Plaintiff that its reasoning for applying the EMEA Plan to Plaintiff's Schlepper Contract was because the Schlepper Contract was executed in Europe. Furthermore, Defendant stated the "default rule" in Defendant's Standard Operating Procedures ("SOP") is that the country's jurisdiction that the deal is done in, dictates which compensation plan is applied to Defendant's employees such as Plaintiff. Plaintiff was never presented with Defendant's SOP and was later told that the SOP is confidential, and that Plaintiff could not see it nor have a copy of it.

19. Though the Schlepper Contract was executed in Europe and governed under laws of a Country other than the United States, the currency for the Contract was transacted in US dollars and various parts of the Schlepper Contract were negotiated from the United States. Plaintiff is informed and believes that over half of the work performed by Defendant under the Schlepper Contract was done within the United States and the balance was performed globally.

20. Additionally, there is nothing in Plaintiff's 2023 Comp. Plan that provides that the jurisdiction of a sales contract dictates which compensation plan is applied. In fact, Plaintiff's 2023 Comp. Plan contemplates transactions occurring in jurisdictions outside of the United States. For example, Plaintiff's 2023 Comp. Plan states that it is prohibited for Plaintiff to accept any form of bribes or kickbacks in connection with a potential transaction as "Such behavior is unethical; it is also illegal under the laws of the United States, the United Kingdom, and multiple other countries, **no matter where in the world the conduct takes place**" (Emphasis added).

21. Furthermore, Defendant regularly encouraged Plaintiff to pursue sales accounts that Plaintiff had relationships with, regardless of the accounts' geographical location. As stated above, Defendant knew it had in place only one compensation payment structure with Plaintiff: the 2023 Comp. Plan which had no limitation on its application to a specific geographical boundary.

22. Pursuant to the 2023 Plan, Plaintiff was entitled to a percentage of "Bookings Value for year 1 of the Contract". The percentage was divided between the number of salespersons as applicable. Defendants identified two sales participants for the Schlepper Contract and that Plaintiff was one of the sales participants.

23. Thereafter, Plaintiff asked Defendant for a commission statement detailing how Plaintiff's commission was calculated and paid for the Schlepper Contract. Defendants never provided one to Plaintiff.

24. On or about November 30, 2023, Plaintiff's employment ended.

25. On or about November 30, 2023, Defendant failed to properly compensate Plaintiff under the parties' 2023 Comp. Plan for his services performed regarding the Schlepper Contract.

26. To date, Plaintiff has not received a proper final paycheck, final wages nor all wages to which he is entitled.

27. Defendant knew or should have known that they had a duty to compensate Plaintiff, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, in order to increase Defendant's profits.

28. More than 30 days have passed since Plaintiff's employment ended and Defendant continues to intentionally and/or willfully withhold earned wages from Plaintiff.

**<u>FIRST CAUSE OF ACTION</u>**
**Breach of Contract**
**(Against All Defendants)**

29. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

30. Plaintiff and Defendant entered into an agreement which required Defendant to pay Plaintiff commissions for contracts awarded to Defendant due to Plaintiff's sales efforts, the terms of which are alleged above.

31. Among other things, Defendants promised and represented to Plaintiff that it would pay to Plaintiff commissions under parties' 2023 Comp. Plan for contracts awarded to Defendants due to Plaintiff's sales efforts in closing the Schlepper Contract.

32. In doing so, Defendant knew or should have known that Plaintiff would expect Defendant to comply with California Labor Laws and would be reasonably induced to rely on Defendant's promises and representations by:

a. Accepting employment with Defendant as a Salesperson; and

b. Devoting substantial time and effort towards procuring new customers and commitments on behalf of Defendant in an effort to earn a commission.

33. Plaintiff reasonably relied on Defendant's promises and representations and was induced to:

a. Accept employment with Defendant as a Salesperson;

b. Continue employment with Defendant; and

c. Devote substantial time and effort towards procuring new customers and commitments on behalf of Defendant as alleged herein.

34. Defendant failed to perform in accordance with its promises or representations in that Defendant failed to comply with California Labor Laws and thus failed to pay to Plaintiff all commissions due for contracts awarded to Defendant due to Plaintiff's sales efforts under the parties' 2023 Comp. Plan agreement.

35. Defendant attempts to apply the EMEA Plan to Plaintiff which is illegal because doing so violates Labor Code §2751(a) which provides "the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid." Plaintiff was never provided with the EMEA Plan nor did he ever agree to be bound by it. In failing to provide the EMEA Plain to Plaintiff, Defendants failed to set forth the method by which the commission shall be computed and paid to an employee.

36. As a proximate result of the aforementioned breaches of contract by Defendant, including the breach of the covenant of good faith and fair dealing, Plaintiff suffered losses of income to be determined, all to Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

37. As a further proximate result of the aforementioned wrongful conduct, Plaintiff has employed the services of attorneys to pursue their legal rights, to Plaintiff's damage in an amount unknown at this time but according to proof at the time of trial.

///

///

38. Injustice can be avoided only by enforcing Defendant's promises and representations completely by awarding Plaintiff the commissions he would have received if Defendant's promises and representations were performed.

**SECOND CAUSE OF ACTION**
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(Against All Defendants)**

39. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

40. By their actions, Plaintiff and Defendants entered into agreements as described in the First Cause of Action. Such contracts, like all contracts, contained an implied covenant and duty on the parties to act in good faith and deal fairly with one another.

41. Plaintiff did all, or substantially all of the significant things that the contracts required him to do. All conditions required for Defendant's performance occurred. Defendant's failure to pay Plaintiff what was due under the contracts prevented Plaintiff from receiving the benefits under the contracts. By doing so, Defendant did not act fairly and in good faith. Plaintiff was harmed by Defendant's conduct. Defendant unfairly interfered with Plaintiff's right to receive the benefits of the contracts and caused him harm.

42. The acts and omissions of Defendants, as alleged, violate the covenant of good faith and fair dealing implied in the contracts. The damage allegations of the First Cause of Action for purposes of this Second Cause of Action shall refer to acts that also constitute breach of the covenant of good faith and fair dealing.

43. Plaintiff has been harmed as a result of Defendant's breach and he has suffered damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**Failure to Pay Wages, Labor Code §201**
**(Against All Defendants)**

44. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

///

///

45. Pursuant to Labor Code §200(a), "wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

46. At all relevant times, Defendant was an employer and required to comply with the provisions of the California Labor Code, including but not limited to §201 *et seq.* which requires the prompt payment for all wages earned, including commissions. At all relevant times, Plaintiff was an employee of Defendant and Defendant is required to pay Plaintiff promptly all wages and commissions earned.

47. Plaintiff is owed unpaid wages in the form of unpaid commissions and unlawful application of commission clauses. The wages owed are qualified as wages in accordance with the applicable IWC Wage Order and California Labor Code.

48. To date, Defendant has willfully failed to fully pay Plaintiff the unpaid wages Plaintiff earned in connection with the Schlepper Contract.

49. Defendant attempts to apply the EMEA Plan to Plaintiff which is illegal. The EMEA Plan violates Labor Code §2751(a) which provides "the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid." Plaintiff was never provided with the EMEA Plan nor did he ever agree to be bound by it. In failing to provide the EMEA Plain to Plaintiff, Defendants failed to set forth the method by which the commission shall be computed and paid to an employee.

50. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of wages and is entitled to recovery of such wages, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §218.5 and 218.6.

## FOURTH CAUSE OF ACTION
**Failure to Pay Wages Upon Separation of Employment, Labor Code §203**
**(Against All Defendants)**

51. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

52. Labor Code §201 provides that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code

§203 provides that "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

53. Defendant has willfully, unfairly, fraudulently, and/or unlawfully failed to pay Plaintiff compensation owed to him upon termination of employment pursuant to Labor Code §201. Plaintiff's employment with Defendant has ended, but Defendant has failed to pay Plaintiff all of the unpaid wages and compensation due to him at the time of his termination. As a result, Defendant is liable to Plaintiff for waiting time penalties pursuant to Labor Code §203 in an amount to be determined at trial according to proof.

54. Therefore, pursuant to Labor Code §§200 – 203, 218.6, 510, and 1194, and Civil Code §3289, Plaintiff is entitled to recover 30 days of unpaid wages, interest, penalties, attorney fees, expenses, and costs of suit.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order as follows:

1. For compensatory damages;
2. For all unpaid wages;
3. For all penalties;
4. Liquidated damages;
5. For interest;
6. For costs of suit and expenses incurred herein;
7. For reasonable attorneys' fees; and
8. For all such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Dated: June 26, 2024

Michelle B. Baker, Esq. (SBN 199130)
BAKER LAW GROUP, LLP
*Attorneys for Plaintiff Jeffrey Davidson*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Respectfully submitted,

Dated: June 26, 2024

Michelle B. Baker, Esq. (SBN 199130)
BAKER LAW GROUP, LLP
*Attorneys for Plaintiff Jeffrey Davidson*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2024-00030567-CU-OE-CTL CASE TITLE: Davidson vs PALANTIR TECHNOLOGIES INC [IMAGED]

**<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *<u>and</u>***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### <u>Potential Advantages and Disadvantages of ADR</u>

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**

- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**

- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### <u>Most Common Types of ADR</u>

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at <u>http://www.sdcourt.ca.gov/adr</u>.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101-3827<br>DIVISION: Central<br>TELEPHONE NUMBER: (619) 450-7068 | |
| PLAINTIFF(S) / PETITIONER(S): Jeffrey Davidson | |
| DEFENDANT(S) / RESPONDENT(S): PALANTIR TECHNOLOGIES INC | |
| DAVIDSON VS PALANTIR TECHNOLOGIES INC [IMAGED] | |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>37-2024-00030567-CU-OE-CTL |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Richard S. Whitney Department: C-68

**COMPLAINT/PETITION FILED:** 06/28/2024

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/10/2025 | 09:30 am | C-68 | Richard S. Whitney |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): Jeffrey Davidson | |
| DEFENDANT(S): PALANTIR TECHNOLOGIES INC | |
| SHORT TITLE: DAVIDSON VS PALANTIR TECHNOLOGIES INC [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2024-00030567-CU-OE-CTL |

Judge: Richard S. Whitney

Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Non-binding private arbitration
- ☐ Mediation (private)
- ☐ Binding private arbitration
- ☐ Voluntary settlement conference (private)
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Neutral evaluation (private)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ____________________

____________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ____________________

____________________

____________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ____________________

Date: ____________________

Date: ____________________

____________________
Name of Plaintiff

____________________
Name of Defendant

____________________
Signature

____________________
Signature

____________________
Name of Plaintiff's Attorney

____________________
Name of Defendant's Attorney

____________________
Signature

____________________
Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/01/2024

____________________
JUDGE OF THE SUPERIOR COURT

# EXHIBIT B

**From:** Parker, Warrington
**Sent:** Thursday, July 11, 2024 9:24 AM
**To:** michelle@bakerllp.com
**Cc:** Sokova, Maria
**Subject:** Jeffery Davidson v. Palantir Technologies
**Attachments:** [Final Offer] Jeffrey Davidson - DocuSigned.pdf

Ms. Baker—

Maria Sokova and I represent Palantir in the action you filed on behalf of Mr. Davidson in San Diego County Superior Court.

In addition to introducing myself, I wanted to bring to your attention the fact that Mr. Davidson agreed to arbitrate the matters he now raises in California state court.

The attached document contains his employment agreement as well as the arbitration agreement.

We would like to avoid the necessity of bringing a motion to compel arbitration. We are hopeful that you will dismiss the state case and file for arbitration.

We understand that the arbitration agreement requires arbitration in Washington state. However, we are willing to proceed in California.

Please let me know how you wish to proceed.

Thank you.

**Warrington Parker**
wparker@crowell.com
+1.415.365.7234 direct

Crowell & Moring LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111

**Crowell**
Collaboration Powers Success

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

# EXHIBIT C

**From:** Michelle Baker <michelle@bakerllp.com>
**Sent:** Monday, July 22, 2024 4:53 PM
**To:** Parker, Warrington; Sokova, Maria
**Cc:** Kelsey Aliabadi
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

**Exercise caution with links and attachments**

You may not have corresponded with this sender before. Exercise caution when engaging with this email.

Hello Warrington,

I hope you had a nice weekend. I am following up on your request below for the matter to move into arbitration. In short, the arbitration agreement presented and as written is not enforceable due to at least one fatal flaw, that of governance of WA law. However, we are willing to proceed with the matter in arbitration subject to the parties signing a stipulation to contain terms along the lines of:

1. The Action, in its entirety, shall be submitted to final and binding arbitration pursuant to the terms of the Arbitration Agreement.
2. Plaintiff shall submit all of his claims in the Action to binding arbitration with ___________ .
3. The Parties agree that all parties are waiving their respective right to a jury trial and a court trial.
4. The binding arbitration will take place at a mutually convenient time and date pursuant to an order from Arbitrator ________.
5. The Parties request that the Court issue an order to stay all proceedings in the Action and take any future court appearances off calendar until the binding arbitration is completed.
6. The Parties have agreed to adhere to the ______ Dispute Arbitration Rules and Procedures with the following modifications:
    a. Each side is permitted to serve one set of Form Interrogatories – Employment Law.
    b. Each side is permitted to serve up to 35 special interrogatories.
    c. Each side is permitted to serve up to 35 requests for production of documents and things.
    d. Each side is permitted a total of 30 hours of deposition testimony.
    e. If any party determines additional discovery is reasonable and necessary, counsel shall prepare a written position statement for opposing counsel to review. If the request for additional discovery is acceptable, opposing counsel shall so indicate in writing. If the request is not acceptable, opposing counsel shall prepare a counter written position statement. The parties agree to meet and confer in good faith following both position statements in order to resolve the dispute. If agreement cannot be reached, the requesting party shall submit the additional discovery request, position statements, and any subsequent meet and confer documentation/declarations to Arbitrator ________. The opposing party shall submit a written response to Arbitrator ________ within five (5) calendar days, and the arbitrator shall provide the parties with a written decision on the matter within ten (10) calendar days, without oral argument, unless specifically requested by the arbitrator.
7. The Court shall retain jurisdiction over this Action pending the conclusion of binding arbitration, and the Court shall be the proper forum to enforce the arbitrator's final decision.
8. This Action shall be stayed pursuant to the Code of Civil Procedure section 1281.4 pending completion of arbitration.

Please let me know your thoughts.

Regards,

Michelle B. Baker, Esq.
**Baker Law Group, LLP**
michelle@bakerllp.com
NOTE: This email is confidential and may be legally privileged. Only the intended recipient may read, use or disseminate it.

---

**From:** "Parker, Warrington" <WParker@crowell.com>
**Date:** Friday, July 12, 2024 at 2:56 PM
**To:** "Baker Law Group, LLP" <michelle@bakerllp.com>, "Sokova, Maria" <MSokova@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

External Email

Appreciate this.

Thank you.

---

**From:** Michelle Baker <michelle@bakerllp.com>
**Sent:** Friday, July 12, 2024 2:53:11 PM
**To:** Parker, Warrington <WParker@crowell.com>; Sokova, Maria <MSokova@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

External Email

Hello Warrington and Maria,

It is a pleasure to meet you both and thank you for your email. I will review what you have sent and respond accordingly. I have a series of depositions next week and thus it likely will take me a week to follow back up with you both. I will work with you on an extension of time to respond to the Complaint if that ultimately becomes needed. Have a good weekend.

Regards,

Michelle B. Baker, Esq.
**Baker Law Group, LLP**
michelle@bakerllp.com
NOTE: This email is confidential and may be legally privileged. Only the intended recipient may read, use or disseminate it.

---

**From:** "Parker, Warrington" <WParker@crowell.com>
**Date:** Thursday, July 11, 2024 at 9:26 AM
**To:** "Baker Law Group, LLP" <michelle@bakerllp.com>
**Cc:** "Sokova, Maria" <MSokova@crowell.com>
**Subject:** Jeffery Davidson v. Palantir Technologies

External Email

Ms. Baker—

Maria Sokova and I represent Palantir in the action you filed on behalf of Mr. Davidson in San Diego County Superior Court.

In addition to introducing myself, I wanted to bring to your attention the fact that Mr. Davidson agreed to arbitrate the matters he now raises in California state court.

The attached document contains his employment agreement as well as the arbitration agreement.

We would like to avoid the necessity of bringing a motion to compel arbitration. We are hopeful that you will dismiss the state case and file for arbitration.

We understand that the arbitration agreement requires arbitration in Washington state. However, we are willing to proceed in California.

Please let me know how you wish to proceed.

Thank you.

**Warrington Parker**
wparker@crowell.com
+1.415.365.7234 direct

Crowell & Moring LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111

**Crowell**

Collaboration Powers Success

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

# EXHIBIT D

**From:** Michelle Baker <michelle@bakerllp.com>
**Sent:** Tuesday, July 30, 2024 9:00 AM
**To:** Parker, Warrington; Sokova, Maria
**Cc:** Kelsey Aliabadi
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

Understood. Thank you.
P.S. – How unfortunate re the removal timing but I guess in hindsight that makes sense being how stick/tight the district court is on the rules.

Regards,

Michelle B. Baker, Esq.
**Baker Law Group, LLP**
michelle@bakerllp.com
NOTE: This email is confidential and may be legally privileged. Only the intended recipient may read, use or disseminate it.

---

**From:** "Parker, Warrington" <WParker@crowell.com>
**Date:** Tuesday, July 30, 2024 at 6:24 AM
**To:** "Baker Law Group, LLP" <michelle@bakerllp.com>, "Sokova, Maria" <MSokova@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** RE: Jeffery Davidson v. Palantir Technologies

Good morning.

We understand you are in deposition. But I just wanted to respond. Regarding removal, we too thought we could get an agreement and extend the time to remove. Unfortunately, that is not the case. Our deadline is August 1 and we will remove no later than that date.

Regarding the Remote Worker Agreement, by its terms it only supersedes any prior agreements if they are inconsistent. Since the Remote Worker Agreement is silent as to arbitration or dispute resolution, we don't think the Arbitration Agreement is superseded.

As a result, we will continue to pursue arbitration.

Thank you.

**Warrington Parker**
Crowell & Moring LLP
wparker@crowell.com
+1.415.365.7234 direct

---

**From:** Michelle Baker <michelle@bakerllp.com>
**Sent:** Monday, July 29, 2024 1:22 PM
**To:** Parker, Warrington <WParker@crowell.com>; Sokova, Maria <MSokova@crowell.com>

**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

Warrington,

Kelsey and I are in the midst of depositions today and tomorrow. To the extent there is a concern with the extension to provide a response that I previously stated, please note it applied to timing to file a motion to remove as well. In my opinion it would be more efficient to try to resolve the matter of arbitrability now. If you wish to continue our meet and confer on this topic, please note the following which is just off the top of my head in light of my current work schedule:

> *The concern is Mr. Davidson was living and working for Defendant as a WA resident at the time the arbitration agreement was signed.*
> *Mr. Davidson moves to CA and Defendant agreed, as evidenced by issuing a Remote Worker Agreement.*
> *Said Agreement stated something along the lines of this 'governs your work condition'; it did not reference the arbitration agreement.*
> *Defendant did not provide a subsequent arbitration agreement for Mr. Davidson to execute.*

Please let me know if the above changes your opinion on further meeting and conferring on this matter and the timing to do so.

Regards,

Michelle B. Baker, Esq.
**Baker Law Group, LLP**
michelle@bakerllp.com
NOTE: This email is confidential and may be legally privileged. Only the intended recipient may read, use or disseminate it.

---

**From:** "Parker, Warrington" <WParker@crowell.com>
**Date:** Monday, July 29, 2024 at 11:55 AM
**To:** "Baker Law Group, LLP" <michelle@bakerllp.com>, "Sokova, Maria" <MSokova@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** RE: Jeffery Davidson v. Palantir Technologies

Hello Michelle,

Thank you for agreeing to the extension. We realized after the request that any extension is not applicable to any notice to remove. Palantir intends to do so based on diversity grounds.

Regarding arbitration, we disagree that the inclusion of Washington law is a fatal flaw to the arbitration agreement. Our understanding of your comment is that you are referencing your client's California claims having to be decided under Washington law. However, that claim is easily severable from the rest of the arbitration agreement. (*Lang v. Skytap, Inc.* (N.D. Cal. 2018) 347 F.Supp.3d 420, 433 [severing a Washington forum and choice of law provision and other unrelated provisions but finding the remainder of the arbitration agreement enforceable]; *Galen v. Redfin Corp.* (N.D. Cal. 2015) 2015 WL 7734137, at *10 [severing the choice of law and related forum selection provisions]; *Haisha Corp. v. Sprint Solutions, Inc.* (S.D. Cal. 2015) 2015 WL 224407, at *9 [same]. If the Washington forum and choice of law provision is severed, the rest of the arbitration agreement is still enforceable.

As for your proposal regarding arbitration, we cannot agree to your conditions. The arbitration agreement between the parties specifies the JAMS employment arbitration rules, which have their own discovery rules. We believe those should apply.

Given all of this, we intend to remove this week. Any motion to compel arbitration will be due 7 days later. If you intend to oppose arbitration, our papers will include that our client is agreeable to arbitration in California and under California law, rather than Washington.

If you do not oppose arbitration under the JAMS rules agreed to by the parties, please let you know.

Thank you,

**Warrington Parker**
Crowell & Moring LLP
wparker@crowell.com
+1.415.365.7234 direct

---

**From:** Michelle Baker <michelle@bakerllp.com>
**Sent:** Wednesday, July 24, 2024 1:28 PM
**To:** Sokova, Maria <MSokova@crowell.com>; Parker, Warrington <WParker@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

Understood and thank you. The extension is fine, making Defendants responsive pleading due August 22, 2024.
Have a good rest of the day.

Regards,

Michelle B. Baker, Esq.
**Baker Law Group, LLP**
michelle@bakerllp.com
NOTE: This email is confidential and may be legally privileged. Only the intended recipient may read, use or disseminate it.

---

**From:** "Sokova, Maria" <MSokova@crowell.com>
**Date:** Wednesday, July 24, 2024 at 1:15 PM
**To:** "Baker Law Group, LLP" <michelle@bakerllp.com>, "Parker, Warrington" <WParker@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** RE: Jeffery Davidson v. Palantir Technologies

Hello Michelle,

Thank you for your response email. We are evaluating your position and proposal, and hope to get back to you soon. As for timing and per your offer in our earlier correspondence, we request a three-week extension to respond to your complaint. Not only are we evaluating your proposal, but some of the persons that we need for the conversation will be unavailable due to vacation and other obligations in the near future, so we would greatly appreciate some flexibility on your end.

Please let us know if you will agree to a three-week extension.

Thank you,

**Maria Sokova**
Crowell & Moring LLP
msokova@crowell.com
+1.415.365.7465 direct

**From:** Michelle Baker <michelle@bakerllp.com>
**Sent:** Monday, July 22, 2024 4:53 PM
**To:** Parker, Warrington <WParker@crowell.com>; Sokova, Maria <MSokova@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

**Exercise caution with links and attachments**

You may not have corresponded with this sender before. Exercise caution when engaging with this email.

Hello Warrington,

I hope you had a nice weekend. I am following up on your request below for the matter to move into arbitration. In short, the arbitration agreement presented and as written is not enforceable due to at least one fatal flaw, that of governance of WA law. However, we are willing to proceed with the matter in arbitration subject to the parties signing a stipulation to contain terms along the lines of:

1. The Action, in its entirety, shall be submitted to final and binding arbitration pursuant to the terms of the Arbitration Agreement.
2. Plaintiff shall submit all of his claims in the Action to binding arbitration with ___________ .
3. The Parties agree that all parties are waiving their respective right to a jury trial and a court trial.
4. The binding arbitration will take place at a mutually convenient time and date pursuant to an order from Arbitrator ________.
5. The Parties request that the Court issue an order to stay all proceedings in the Action and take any future court appearances off calendar until the binding arbitration is completed.
6. The Parties have agreed to adhere to the ______ Dispute Arbitration Rules and Procedures with the following modifications:
   a. Each side is permitted to serve one set of Form Interrogatories – Employment Law.
   b. Each side is permitted to serve up to 35 special interrogatories.
   c. Each side is permitted to serve up to 35 requests for production of documents and things.
   d. Each side is permitted a total of 30 hours of deposition testimony.
   e. If any party determines additional discovery is reasonable and necessary, counsel shall prepare a written position statement for opposing counsel to review. If the request for additional discovery is acceptable, opposing counsel shall so indicate in writing. If the request is not acceptable, opposing counsel shall prepare a counter written position statement. The parties agree to meet and confer in good faith following both position statements in order to resolve the dispute. If agreement cannot be reached, the requesting party shall submit the additional discovery request, position statements, and any subsequent meet and confer documentation/declarations to Arbitrator ________. The opposing party shall submit a written response to Arbitrator ________ within five (5) calendar days, and the arbitrator shall provide the parties with a written decision on the matter within ten (10) calendar days, without oral argument, unless specifically requested by the arbitrator.
7. The Court shall retain jurisdiction over this Action pending the conclusion of binding arbitration, and the Court shall be the proper forum to enforce the arbitrator's final decision.

8. This Action shall be stayed pursuant to the Code of Civil Procedure section 1281.4 pending completion of arbitration.

Please let me know your thoughts.

Regards,

Michelle B. Baker, Esq.
**Baker Law Group, LLP**
michelle@bakerllp.com
NOTE: This email is confidential and may be legally privileged. Only the intended recipient may read, use or disseminate it.

---

**From:** "Parker, Warrington" <WParker@crowell.com>
**Date:** Friday, July 12, 2024 at 2:56 PM
**To:** "Baker Law Group, LLP" <michelle@bakerllp.com>, "Sokova, Maria" <MSokova@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

External Email

Appreciate this.

Thank you.

---

**From:** Michelle Baker <michelle@bakerllp.com>
**Sent:** Friday, July 12, 2024 2:53:11 PM
**To:** Parker, Warrington <WParker@crowell.com>; Sokova, Maria <MSokova@crowell.com>
**Cc:** Kelsey Aliabadi <Kelsey@bakerllp.com>
**Subject:** Re: Jeffery Davidson v. Palantir Technologies

External Email

Hello Warrington and Maria,

It is a pleasure to meet you both and thank you for your email. I will review what you have sent and respond accordingly. I have a series of depositions next week and thus it likely will take me a week to follow back up with you both. I will work with you on an extension of time to respond to the Complaint if that ultimately becomes needed. Have a good weekend.

Regards,

Michelle B. Baker, Esq.
**Baker Law Group, LLP**
michelle@bakerllp.com
NOTE: This email is confidential and may be legally privileged. Only the intended recipient may read, use or disseminate it.

---

**From:** "Parker, Warrington" <WParker@crowell.com>
**Date:** Thursday, July 11, 2024 at 9:26 AM
**To:** "Baker Law Group, LLP" <michelle@bakerllp.com>

**Cc:** "Sokova, Maria" <MSokova@crowell.com>
**Subject:** Jeffery Davidson v. Palantir Technologies

External Email

Ms. Baker—

Maria Sokova and I represent Palantir in the action you filed on behalf of Mr. Davidson in San Diego County Superior Court.

In addition to introducing myself, I wanted to bring to your attention the fact that Mr. Davidson agreed to arbitrate the matters he now raises in California state court.

The attached document contains his employment agreement as well as the arbitration agreement.

We would like to avoid the necessity of bringing a motion to compel arbitration.  We are hopeful that you will dismiss the state case and file for arbitration.

We understand that the arbitration agreement requires arbitration in Washington state.  However, we are willing to proceed in California.

Please let me know how you wish to proceed.

Thank you.

**Warrington Parker**
wparker@crowell.com
+1.415.365.7234 direct

Crowell & Moring LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111

**Crowell**

**Collaboration Powers Success**

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.