Michelle B. Baker, Esq. (SBN 199130)
Kelsey Aliabadi, Esq. (SBN 343804)
BAKER LAW GROUP, LLP
4225 Executive Square, Suite 600
La Jolla, California 92037
Telephone: (858) 452-0093
E-mail: michelle@bakerllp.com

*Attorneys for Plaintiff Jeffrey Davidson*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JEFFREY DAVIDSON,

Plaintiff,

v.

PALANTIR TECHNOLOGIES INC., a Delaware Corporation; DOES 1 through 10, inclusive,

Defendants.

Case No.: 3:24-cv-01357-RSH-JLB

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS OPPOSITION TO DEFENDANT PALANTIR TECHNOLOGIES INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION**

*Filed concurrently with Declaration of Jeffrey Davidson in Support of his Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings*

Date: September 17, 2024
Ct. Room: 3B – 3rd Floor
Judge: Hon. Robert S. Huie

## TABLE OF CONTENTS

**I. INTRODUCTION .......... 1**

**II. FACTUAL BACKGROUND .......... 1**

**III. LEGAL ARGUMENT .......... 2**

**A. The WA Arb. Agreement Is Superseded By The Remote Work Agreement 2**

**B. The WA Arb. Agreement Is Unconscionable .......... 4**

**1) The WA Arb. Agreement is Procedurally Unconscionable .......... 5**

a. Several key provisions of the WA Arb. Agreement are riddled with complex and conflicting statements amounting to surprise .......... 6

1) Defendant concedes that different procedures could apply to the arbitration hearing. .......... 8

b. The WA Arb. Agreement was presented on a take it or leave it basis as a condition of Plaintiff's employment. .......... 9

**2) The WA Arb. Agreement is Substantively Unconscionable. .......... 9**

a. There is no "modicum of bilaterality" in the WA Arb. Agreement .......... 9

1) Only Plaintiff's claims against Defendant are subject to binding arbitration, while Defendant retains the right to seek Court intervention. .......... 10

2) Defendant never agreed to the terms of the Agreement. .......... 11

3) The WA Arb. Agreement is written exclusively in terms of Plaintiff's obligations. .......... 11

4) Defendant failed to meet its burden in justifying the lack of mutuality in the WA Arb. Agreement. .......... 12

b. Defendant's current willingness to waive the Washington forum and choice of law provisions does not change the fact that the WA Arb. Agreement remains unconscionable. .......... 13

**C. Severability cannot cure the unconscionable taint from the Agreement. .. 14**

**IV. CONCLUSION .......... 14**

# TABLE OF AUTHORITIES

## CASES

*Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638 (2004)........ 11

*Alberto v. Cambrian Homecare*, 91 CA 5th 482 (2023)........ 6

*Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000)........ 5, 10, 11, 12, 15, 16, 17

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)........ 5

*Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237 (2016)........ 7

*Berman v. Freedom Fin. Network,* LLC, 30 F.4th 849 (9th Cir. 2022)........ 3

*Buchsbaum v. Digital Intel. Sys., LLC,* No. 20-CV-00706-BAS-AGS, 2020 WL 7059515 (S.D. Cal. Dec. 2, 2020) ... 6, 7, 15

*Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74 (2014)........ 12, 13

*Davis v. TWC Dealer Grp., Inc.*, 41 Cal. App. 5th 662 (2019)........ 13

*Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681 (1996)........ 5

*EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002)........ 4

*Espejo v. S. California Permanente Med. Grp.*, 246 Cal. App. 4th 1047 (2016)........ 2

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995)........ 5

*Fitz v. NCR Corp.*,
118 Cal. App. 4th 702 (2004)........................................................................ 11, 13

*Flores v. Transam. HomeFirst, Inc.*,
93 Cal. App. 4th 846 (2001)............................................................................... 7

*Hasty v. Am. Auto. Assn. etc.*,
98 Cal. App. 5th 1041 (2023)............................................................................... 8

*Higgins v. Superior Court of Los Angeles Cnty.*,
140 Cal. App. 4th 1238 (2006)...................................................................... 11, 14

*Ingle v. Cir. City Stores, Inc.*,
328 F.3d 1165 (9th Cir. 2003)........................................................................... 4, 6

*Martinez v. Master Protection Corp.*,
118 Cal. App. 4th 107 (2004)............................................................................. 16

*Mayers v. Loew's Inc.*,
35 Cal. 2d 822, 8221 P.2d 26 (1950) ................................................................... 6

*Mills v. Facility Solutions Group, Inc.*,
84 Cal. App. 5th 1035 (2022)............................................................................. 17

*Najarro v. Superior Ct.*,
70 Cal. App. 5th 871 (2021)............................................................................... 13

*Namisnak v. Uber Techs., Inc.*,
315 F. Supp. 3d 1124 (N.D. Cal. 2018) ................................................................. 2

*Norcia v. Samsung Telecommc'ns Am., LLC*,
2014 WL 4652332 (N.D. Cal. Sept. 18, 2014)...................................................... 3

*O'Hare v. Municipal Resource Consultants*
107 Cal. App. 4th 267 (2003)............................................................................. 13

*OTO, L.L.C. v. Kho*,
8 Cal. 5th 111 (2019)...................................................................................... 5, 7, 8

*Pinela v. Neiman Marcus Grp., Inc.*,
238 Cal. App. 4th 227 (2015)............................................................................ 7, 9

*Ramirez v. Charter Commc'ns, Inc.*,
16 Cal. 5th 478, 551 (2024)........ 15, 16

*Ronderos v. USF Reddaway, Inc.*,
No. 21-55685, 2024 WL 3894525 (9th Cir. Aug. 22, 2024)....... 5, 7, 9, 10, 11, 15, 17

*Samaniego v. Empire Today,*
*LLC*, 205 Cal. App. 4th 1138 (2012)........ 12

*Serpa v. California Surety Investigations, Inc*.
215 Cal. App. 4th 695 (2013)........ 10

*Sonico v. Charter Commc'ns, LLC,*
No. 19-CV-01842-BAS-LL, 2021 WL 268637 (S.D. Cal. Jan. 27, 2021)........ 3

*Sullenberger v. Titan Health Corp.*,
No. CIVS082285 LKK/GGH, 2009 WL 1444210 (E.D. Cal. May 20, 2009).......... 14

**STATUTES**

9 U.S.C. § 2........ 4
Cal. Civ. Code § 1639........ 3
Cal. Civ. Code § 1642........ 5
Cal. Civ. Code §1638........ 3
Cal. Lab. Code § 218.5........ 8
Cal. Lab. Code § 925........ 4
Wash. Rev. Code § 49.48.030........ 8
Wash. Rev. Code § 7.04A2.10........ 8

## I. INTRODUCTION

Defendant Palantir Technologies, Inc. ("Defendant") insists that an arbitration agreement that is governed by Washington substantive and procedural law is a valid and enforceable arbitration agreement for the resolution of claims by its California employees. Though Jeffrey Davidson ("Plaintiff") moved from Washington to California, in an attempt to portray an alleged enforceable agreement to this Court, Defendant does not argue it made a mistake when it failed to provide Plaintiff a valid arbitration agreement. Instead, Defendant's position is that it intended all along to apply "substantive and procedural Washington law to any dispute or claim, without reference to rules of conflict of law" for claims arising under the California Labor Code because the California Labor Code was included in the arbitration agreement. [Doc. No. 5 at 6-7].

The Washington Arbitration Agreement ("WA Arb. Agreement") [Doc. No. 5-1 at 5]; is unenforceable because: (1) it was superseded by a subsequent agreement; (2) it is procedurally unconscionable; (3) it is substantively unconscionable; and (4) there is no single provision that this Court can strike to remove the unconscionable taint from the agreement. Therefore, Defendant's Motion to Compel Arbitration must be denied.

## II. FACTUAL BACKGROUND

On or about May 17, 2021, Plaintiff was offered employment with Defendant as a salesperson. At the time, Plaintiff was living in the State of Washington. In connection with his hiring and as a condition of his employment, Plaintiff was required to sign an offer letter ("WA Offer Letter") which contained (among other agreements) a Proprietary Information and Inventions Agreement ("PIIA") and the WA Arb. Agreement. Declaration of Jeffrey Davidson ("Davidson Decl.") ¶ 3.

By October 2022, Plaintiff was living in San Diego, California and was working for Defendant as a California employee. Davidson Decl. ¶ 4. Several months later, Defendant required Plaintiff to sign a Remote Worker Agreement. [Doc. No. 5-1 at 10].

The Remote Worker Agreement provides, "This Remote Worker Agreement…outlines the terms and conditions for your remote working arrangement

with Palantir Technologies Inc. (the "Company") and **supersedes any prior agreements or understandings between you and the Company that are inconsistent with its terms**" (emphasis added). [Doc. No. 5-1 at 10]. The Remote Work Agreement further provides, "The Company shall maintain responsibility for payment of all salary and benefits, and shall fulfill such responsibility in accordance with the applicable laws of [California]." *Id.*

Following his move to California, on or about September 26, 2023, Plaintiff closed a multi-million-dollar contract ("Schlepper Contract"). In closing the Schlepper Contract, Plaintiff met all conditions to earn his commission. Instead of compensating Plaintiff under his 2023 Comp. Plan, Defendant compensated Plaintiff pursuant to Defendant's European Compensation Plan ("EMEA Plan"). Plaintiff had never seen nor executed an agreement with Defendant under the EMEA Plan. Consequently, Plaintiff has brought claims against Defendant for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation certain provisions of the California Labor Code. [Doc. No. 5-2 at 15].

## III. LEGAL ARGUMENT

### A. The WA Arb. Agreement is superseded by the Remote Work Agreement

As a threshold matter, the Court must determine whether a valid agreement exists. *Espejo v. S. California Permanente Med. Grp.,* 246 Cal. App. 4th 1047, 1057 (2016). Seeking to compel arbitration, Defendant bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Id.* Plaintiff, as "the party opposing arbitration, receive[s] the benefit of all reasonable doubts and inferences." *Namisnak v. Uber Techs., Inc.,* 315 F. Supp. 3d 1124, 1127 (N.D. Cal. 2018) (citation omitted).

California law, not the Federal Arbitration Act ("FAA"), controls the threshold issue of the existence of an agreement, and "there is no thumb on the scale in favor of finding an arbitration agreement to exist." *Norcia v. Samsung Telecommc'ns Am., LLC,* 2014 WL

4652332, at *4 (N.D. Cal. Sept. 18, 2014), aff'd, 845 F.3d 1279 (9th Cir. 2017); accord *Berman v. Freedom Fin. Network,* LLC, 30 F.4th 849, 855 (9th Cir. 2022).

To determine whether a superseding agreement was formed, courts must apply "ordinary state-law principles that govern the formation of contracts." *Sonico v. Charter Commc'ns, LLC, No.* 19-CV-01842-BAS-LL, 2021 WL 268637, at *5 (S.D. Cal. Jan. 27, 2021) (internal citation omitted). "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone…" Cal. Civ. Code § 1639. The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity. Cal. Civ. Code §1638.

The clear and explicit language of the Remote Worker Agreement was to supersede any prior inconsistent agreements or understandings. [Doc. No. 5-1 at 10]. The WA Arb. Agreement is subject to Washington substantive law and thus is inconsistent with the terms of the Remote Worker Agreement which supersedes it. Davidson Decl., Ex. 1, Pg. 15, §2; [Doc. No. 5-1 at 10]. Additionally, the Remote Worker Agreement specifically stated which previous agreements between the parties were still in effect, "You understand and agree the terms of all Company policies, your PIIA and NDA, shall continue to apply in full force and effect to the remote working arrangement." [Doc. No. 5-1 at 11]. If Defendant intended for Plaintiff to be subject an arbitration agreement it had two choices: (1) reference in the Remote Worker Agreement that the WA Arb. Agreement continues to be in effect as it did for other agreements, or (2) issued a valid arbitration agreement to Plaintiff. Defendant made neither choice.

Furthermore, the WA Arb. Agreement discussed specific changes that would not affect its scope and validity. *E.g.* "Any subsequent change or changes in my duties, salary, or compensation will not affect the validity or scope of this Agreement." Davidson Decl. Ex. 1, Pg. 16, §4. Notably silent, is the validity and scope of the WA Arb. Agreement regarding subsequent changes in Plaintiff's remote work location.

Defendant provides no legal authority for its claim that the Remote Worker Agreement did not supersede the WA Arb. Agreement. [Doc. No. 5 at 8]. Instead, it

claims that because the Remote Worker Agreement did not purport to address the resolution of disputes in any way, the WA Arb. Agreement is still in effect. [Doc. No. 5 at 8]. It appears that Defendant is claiming that it intended all along for Washington substantive law to apply to Plaintiff's claims for violations of the California Labor Code.

**B. The WA Arb. Agreement is Unconscionable**

Even if the Court determines that the WA Arb. Agreement was not superseded by the Remote Worker Agreement, The WA Arb. Agreement is unenforceable. Federal law "directs courts to place arbitration agreements on equal footing with other contracts." *Ingle v. Cir. City Stores, Inc.,* 328 F.3d 1165, 1170 (9th Cir. 2003) (quoting *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 293 (2002)). The Federal Arbitration Act ("FAA") allows for arbitration agreements to be deemed unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, arbitration agreements can be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 687 (1996).

Federal courts "should apply ordinary state-law principles that govern the formation of contracts" in evaluating the validity of an arbitration agreement. *Ingle,* 328 F.3d at 1170 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). California law must apply because the California Labor Code prohibits an employer from depriving a California employee of the "substantive protection of California law with respect to a controversy arising in California." Cal. Lab. Code § 925.

Under California law, contracts are "unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party." *Ronderos v. USF Reddaway, Inc.,* No. 21-55685, 2024 WL 3894525, at *3 (9th Cir. Aug. 22, 2024) (quoting *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 251 (2019)). "[U]nconscionability has both a 'procedural' and a 'substantive' element, the former focusing on 'oppression' or 'surprise' due to unequal

bargaining power, the latter on 'overly harsh' or 'one-sided' results." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000). Both aspects must be present, however they need not be present in the same degree (i.e., the more of one, the less is required of the other). *Id*.

If an employee was presented with a separate agreement (e.g., a confidentiality agreement) at the same time as the arbitration agreement, the two documents may be read together for purposes of determining whether or not the agreement is unconscionable. *E.g.* Cal. Civ. Code § 1642 (several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together). *Alberto v. Cambrian Homecare*, 91 CA 5th 482, 490-491 (2023) (arbitration agreement and confidentiality agreement executed on same day, both were aspects of a single primary transaction (employee's hiring), both governed how to resolve employment disputes, and "[t]reating them separately fails to account for the overall dispute resolution process the parties agreed upon.") *Mayers v. Loew's Inc.,* 35 Cal. 2d 822, 827, 221 P.2d 26, 29 (1950) ("Where two or more written instruments are executed contemporaneously, with reference to the other, for the purpose of attaining a preconceived object, they must all be construed together…").

When Plaintiff was offered employment with Defendant, Plaintiff was provided with the WA Offer Letter containing (among other documents), the PIIA and WA Arb. Agreement. Davidson Decl. ¶ 3. Plaintiff executed all documents on the same day via DocuSign. Davidson Decl. Exhibit 1. Accordingly, the PIIA may be analyzed with the WA Arb. Agreement to determine unconscionability (hereinafter the PIIA and WA Arb. Agreement are collectively referred to as "the Agreement").

**1) The WA Arb. Agreement is Procedurally Unconscionable**

Oppression and surprise are the hallmarks of procedural unconscionability. *Ingle,* 328 F.3d at 1171. "Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice." *Buchsbaum v. Digital Intel. Sys., LLC,* No. 20-CV-00706-BAS-AGS, 2020 WL 7059515, at *4 (S.D. Cal. Dec. 2,

2020) (citing *Flores v. Transam. HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001) (internal citation omitted). "Surprise is defined as the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." *Id.*

"[T]here are degrees of procedural unconscionability. At one end of the spectrum are contracts that have been freely negotiated by roughly equal parties, in which there is no procedural unconscionability.... Contracts of adhesion that involve surprise or other sharp practices lie on the other end of the spectrum." *Baltazar v. Forever 21, Inc.,* 62 Cal. 4th 1237, 1244 (2016) (internal citations omitted).

**a. Several key provisions of the WA Arb. Agreement are riddled with complex and conflicting statements amounting to surprise**

Courts have held that contracts of adhesion are procedurally unconscionable when key provisions are substantively opaque. *Pinela v. Neiman Marcus Grp., Inc.,* 238 Cal. App. 4th 227 at 243-245 (2015). "A contract may also involve surprise when its substance is 'opaque.'" *Ronderos,* 2024 WL 3894525, at *5 (quoting *OTO* 8 Cal. 5th at 128).

Defendant argues that there is no "procedural infirmary" because the WA Arb. Agreement is "legible". [Doc. 5 at 11]. However, the legibility of the WA Arb. Agreement is not the only consideration when analyzing procedural unconscionability. Surprise can "be shown when 'the agreement appears to have been drafted with an aim to thwart, rather than promote, understanding,' thereby undermining the non-drafting party's informed consent." *Hasty v. Am. Auto. Assn. etc.,* 98 Cal. App. 5th 1041, 1056 (2023) (internal citation omitted). Agreements also involve surprise when provisions are "complex [and] filled with statutory references and legal jargon" *OTO,* 8 Cal. 5th at 128.

The WA Arb. Agreement is peppered with complicated, and contradictory provisions that no layperson would understand regarding which rules and procedures will apply to an arbitration. For example:

- The WA Arb. Agreement states that Plaintiff is "subject to binding arbitration under the arbitration provisions set forth in the Revised Code of Washington (RCW) Title 7, Chapter 7.04A, the Uniform Arbitration Act (the "Act"), and pursuant to Washington and federal law." Davidson Decl. Ex. 1, Pg. 14, §1.A.
- Elsewhere, it states that "arbitration will be administered by [JAMS], pursuant to its employment arbitration rules & procedures (the "JAMS Rules")". Davidson Decl. Ex. 1, Pg. 14, §1.B.
- In the same paragraph, it states that the "arbitrator shall administer and conduct any arbitration in accordance with Washington law, including the RCW Titles 4 and 12 (Civil Procedure) and the RCW Title 5 (Evidence), and that the arbitrator shall apply substantive and procedural Washington law to any dispute or claim, without reference to rules of conflict of law." Davidson Decl. Ex. 1, Pg. 15, §1.B.
- The "governing law" provision of the WA. Arb. Agreement states, "This Agreement will be governed by the laws of the State of Washington without regard to Washington's conflicts of law rules that may result in the application of the laws of any jurisdiction other than Washington." Davidson Decl. Ex. 1, Pg. 15-16, §2.

Not only does this not adequately specify which rules and procedures govern the arbitration (i.e. RCW Title 7; FAA; Washington and federal law; JAMS; RCW Titles 4, 5 12; JAMS; or Washington substantive and procedural law), but further, the Washington Choice of law provision obscures Plaintiff's obligations regarding attorneys' fees and costs. The WA Arb. Agreement states that Plaintiff agrees "the arbitrator shall have the power to award any remedies available under applicable law, and that the arbitrator shall award attorneys' fees and costs to the prevailing party, where provided by applicable law." Davidson Decl. Ex. 1, Pg. 14-15, §1.B. Plaintiff has brought claims against Defendant for violations of the California Labor Code. The California Labor Code allows for prevailing employees to recover reasonable attorney's fees and costs. Even if the employee does not prevail, they are only required to pay reasonable attorneys' fees and

costs to the employer if the action was brought in bad faith. Cal. Lab. Code § 218.5. However, due to the Washington choice of law provision, if Plaintiff were the prevailing party, the result may not be the same. *See* Wash. Rev. Code § 49.48.030, reasonable attorneys' fees are not recoverable by prevailing employee if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary. *See also* Wash. Rev. Code § 7.04A2.10 (3)(4).

Under similar circumstances, the Ninth Circuit in *Ronderos v. USF Reddaway, Inc.,* No. 21-55685, 2024 WL 3894525, at *6 (9th Cir. Aug. 22, 2024), has found such agreements to be procedurally unconscionable:

> To determine whether the Reddaway agreement involves surprise, it is enough to note that the ambiguity of the cost-splitting provision, coupled with the choice-of-law provision, makes it difficult (even for a lawyer) to figure out whether Ronderos would have to pay half the arbitration costs or not. Consequently, the provision is procedurally unconscionable."

California state courts have also found similarly. *E.g. Pinela v. Neiman Marcus Grp., Inc.,* 238 Cal. App. 4th 227, 243, (Ct. App. 2015) (finding delegation clause, coupled with choice-of-law provision, was procedurally unconscionable because it was highly unlikely that a "layperson" would understand how arbitrability questions would be resolved under the agreement).

**1) Defendant concedes that different procedures could apply to the arbitration hearing.**

Despite Defendant's unavailing "legibility" argument, Defendant has also made numerous self-serving statements regarding the WA Arb. Agreement: Defendant claims that the WA Arb. Agreement "does not purport to dictate the arbitration procedures" and it does not "otherwise dictate discovery, length of hearing, or the conduct of the arbitration" [Doc. 5 at 8, 12]; while simultaneously claiming "the arbitration agreement between the parties specifies the JAMS employment arbitration rules, which have their own discovery rules." [Doc. 5-2 at 36].

**b. The WA Arb. Agreement was presented on a take it or leave it basis as a condition of Plaintiff's employment.**

A "contract of adhesion" is "a standardized contract [that is] imposed and drafted by the party of superior bargaining strength" and gives "the subscribing party only the opportunity to adhere to the contract or reject it." *Ronderos,* 2024 WL 3894525, at *4 (quoting *Armendariz,* 24 Cal. 4th at 113. California courts have routinely found that arbitration contracts imposed as a condition of employment are adhesive. *Serpa v. California Surety Investigations, Inc*. 215 Cal. App. 4th 695, 704 (2013); *OTO,* 8 Cal. 5th at 126.

Here, there is no doubt that the WA Arb. Agreement is adhesive. It was presented with Plaintiff's WA Offer Letter as a condition of Plaintiff's employment on a take it or leave it basis. Davidson Decl. ¶3. Plaintiff (as the inferior party) had no meaningful choice but to accept or reject its terms.

**2) The WA Arb. Agreement is Substantively Unconscionable.**

Substantive "'unconscionability turns not only on a 'one-sided' result, but also on an absence of 'justification' for it.'" *Armendariz,* 24 Cal. 4th at 117-118 (citation omitted). In assessing substantive unconscionability, "the paramount consideration is mutuality." *Abramson v. Juniper Networks, Inc.,* 115 Cal. App. 4th 638, 657 (2004).When determining substantive fairness, the relevant question is whether one party used their superior bargaining position to impose terms that are "overly harsh, unduly oppressive, or unfairly one-sided." *Ronderos,* 2024 WL 3894525, at *7.

**a. There is no "modicum of bilaterality" in the WA Arb. Agreement**

"Agreements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability." *Ronderos* 2024 WL 3894525, at *7 (quoting *Abramson*, 115 Cal. App. 4th at 657 ). Furthermore, "an agreement may lack 'a modicum of bilaterality' and therefore be unconscionable if the agreement requires 'arbitration only for the claims of the weaker party but a choice of forums for the claims of the stronger party.'" *Higgins v.*

*Superior Court of Los Angeles Cnty.,* 140 Cal. App. 4th 1238, 1253 (2006) (quoting *Fitz v. NCR Corp.,* 118 Cal. App. 4th 702, 713 (2004)).

The WA Arb. Agreement lacks mutuality and is unenforceable because (1) only Plaintiff's claims against Defendant are subject to binding arbitration (2) Defendant never expressly agreed to the provisions of the Agreement (3) the WA Arb. Agreement is written exclusively in terms of Plaintiff's obligations.

**1) Only Plaintiff's claims against Defendant are subject to binding arbitration, while Defendant retains the right to seek Court intervention.**

Only Plaintiff's claims against Defendant are compelled to arbitration. Defendant's contention that "It is a mutual agreement to arbitrate – Defendant is bound to arbitrate as well" is belied by both the PIIA and WA Arb. Agreement. [Doc. 5 at 7-8, 11].

The PIIA expressly entitles Defendant to "injunctive relief…in addition to any other remedies and without any requirement to post bond." Davidson Decl. Ex. 1, Pg. 11, §10. Furthermore, the WA Arb. Agreement explicitly allows for Defendant to bring its claims against Plaintiff in court. *E.g.* "[t]o the extent that any lawsuit is permitted under this Agreement, I [Plaintiff] hereby expressly consent to the personal and exclusive jurisdiction and venue of the state and federal courts located in Washington for any lawsuit filed against me by the Company." Davidson Decl. Ex. 1, Pg. 16, § 2.

"Courts have repeatedly found this type of one-sided provision—where the employer exempts claims only it would bring from arbitration while restricting any employee claims to arbitration—to be substantively unconscionable." *Carmona v. Lincoln Millennium Car Wash, Inc.,* 226 Cal. App. 4th 74, 87 (2014). *Eg. Armendariz,* 24 Cal. 4th at 120 (substantively unconscionable provision required employees to arbitrate wrongful termination claims but employer had no corresponding obligation to arbitrate its trade secret claims against employees); (*Samaniego v. Empire Today, LLC*, 205 Cal. App. 4th 1138, 1147 (2012) (employees required to arbitrate all claims but employer exempted from arbitration claims "seeking declaratory and preliminary

injunctive relief to protect [employer's] proprietary information…provisions"); *O'Hare v. Municipal Resource Consultants* 107 Cal. App. 4th 267, 274 (2003) (substantively unconscionable provision required employees to arbitrate any work related dispute but exempted from arbitration employer claims for injunctive and equitable relief based upon employees' breaches of confidentiality provisions). See also *Fitz,* 118 Cal. App. 4th at 725.

**2) Defendant never agreed to the terms of the Agreement.**

Although Defendant contends that The WA Arb. Agreement refers to arbitration of "all" disputes arising out of Plaintiff's employment, including "that Defendant is bound to arbitrate as well", it was only signed by Plaintiff—not Defendant. [Doc. 5 at 7-8, 11] Davidson Decl. Ex. 1, Pg. 16. Likewise, the opening paragraph of the WA Arb. Agreement states that "As a condition of my employment with Palantir Technologies Inc.…I agree to the following provisions of this Palantir Arbitration Agreement*"*—nowhere does it specify that Defendant also agrees to its provisions. Davidson Decl. Ex. 1, Pg. 14. Similar agreements have been found by courts to lack mutuality. *E.g. Carmona* 226 Cal. App. 4th at 86 ("Nowhere do the car wash companies indicate they were bound by the clause."); *Davis v. TWC Dealer Grp., Inc.,* 41 Cal. App. 5th 662, 674 (2019) ("[T]here is what can be argued to be a lack of mutuality, illustrated by the fact that the agreement was signed only by the [Employees], not by anyone at TWC.") *Najarro v. Superior Ct.,* 70 Cal. App. 5th 871, 883 (2021), as modified (Oct. 22, 2021) ("[T]here is a lack of mutuality given that none of the Version One agreements were signed by any of the real parties in interest.")

**3) The WA Arb. Agreement is written exclusively in terms of Plaintiff's obligations.**

Notwithstanding the lack of express consent to arbitration by Defendant, the WA Arb. Agreement is written entirely in terms of Plaintiff's obligations.

For example:

- "I agree that any and all controversies, claims, or disputes with anyone (including the Company…, arising out of, relating to, or resulting from my employment with the Company or the termination of my employment with the Company, including any breach of this Agreement, shall be subject to binding arbitration..." Davidson Decl. Ex. 1, Pg. 14, §1A
- "I am waiving my right to a jury trial." Davidson Decl. Ex. 1, Pg. 15, §1E
- "…I hereby expressly consent to the personal and exclusive jurisdiction and venue of the state and federal courts located in Washington for any lawsuit filed against me by the Company." Davidson Decl. Ex. 1, Pg. 16, §2
- "Disputes that I agree to arbitrate, and thereby agree to waive any right to a trial by jury, include…" Davidson Decl. Ex. 1, Pg. 14, §1A

Courts have held that similar agreements are substantively unconscionable. *E.g. Sullenberger v. Titan Health Corp.,* No. CIVS082285 LKK/GGH, 2009 WL 1444210, at *6 (E.D. Cal. May 20, 2009) ("the arbitration agreements were only signed by plaintiff and are written almost exclusively in terms of the plaintiff's obligations…'I hereby agree to binding arbitration all disputes and claims'… 'I voluntarily agree that any claim ... shall be.. determined exclusively by binding arbitration ....'"); *See Higgins v. Superior Court of Los Angeles Cnty.,*140 Cal. App. 4th 1238, 1253–54, (2006) (arbitration agreement unconscionable because only petitioners were required to submit claims to arbitration and agreement repeatedly included "I agree" language).

**4) Defendant failed to meet its burden in justifying the lack of mutuality in the WA Arb. Agreement.**

Not all one-sided terms are unconscionable, but the party seeking to enforce a one-sided term must provide "at least some reasonable justification for such one-sidedness based on 'business realities.'" *Ronderos,* 2024 WL 3894525, at *7 (quoting *Armendariz*, 24 Cal. 4th at 117.)

Defendant provided no arguments nor evidence for its justification of the WA Arb. Agreement's lack of mutuality. Courts have held that when there is no justification

provided for the lack of mutuality, the agreement is unconscionable. *E.g Ramirez v. Charter Commc'ns, Inc.,* 16 Cal. 5th 478, 551 P.3d 520, 535 (2024) ("In the absence of a cognizable justification, properly asserted, we "must assume" the Agreement's lack of mutuality is unconscionable.") *Buchsbaum v. Digital Intel. Sys., LLC,* No. 20-CV-00706-BAS-AGS, 2020 WL 7059515, at *6 (S.D. Cal. Dec. 2, 2020) ("Defendant provides no evidence regarding the "business realities" that justify the one-sided carve out of Defendant's injunctive and equitable claims against employees like Plaintiff…The Court agrees that the carve out…is substantively unconscionable.")

**b. Defendant's current willingness to waive the Washington forum and choice of law provisions does not change the fact that the WA Arb. Agreement remains unconscionable.**

Defendant claims that the Washington forum and choice of law provisions are not unconscionable because they now agree to arbitrate in California under California law. [Doc. 5 at 11]. As detailed above, it was Defendant's intent to require Plaintiff's California Labor Code claims to be arbitrated under Washington substantive law. When Plaintiff moved to California, Defendant had the opportunity to provide Plaintiff a new arbitration agreement but never did. It is only now that there is a risk of the arbitration agreement being unenforceable that Defendant is willing to waive the Washington provisions. Nevertheless, "whether an employer is willing, now that the employment relationship has ended" to make changes to the arbitration agreement "does not change the fact that the arbitration agreement as written is unconscionable and contrary to public policy." *Armendariz,* 24 Cal. 4th at 125. "No existing rule of contract law permits a party to resuscitate a legally defective contract merely by offering to change it." *Id.* (quoting *Stirlen v. Supercuts, Inc.,* (1997) 51 Cal. App. 4th 1519, 1535–1536.) *See also Martinez v. Master Protection Corp.,*118 Cal. App. 4th 107, 116 (2004) (employer's "after-the-fact expression of willingness to amend the arbitration agreement to conform to law is ineffective").

**C. Severability cannot cure the unconscionable taint from the Agreement.**

If a contractual clause is found unconscionable, the court may, in its discretion, choose to do one of the following: (1) refuse to enforce the contract; (2) sever any unconscionable clause; or (3) limit the application of any clause to avoid unconscionable results. *Ramirez,* 16 Cal. 5th at 551.

Contrary to Defendant's argument that the severance provision should be used to sever the Washington choice of law and forum provisions and enforce the remainder of the Agreement, under California law, the mere presence of a severability clause is not dispositive. The presence of a severability clause is only one factor in the severability analysis; the "overarching inquiry is whether the interests of justice . . . would be furthered by severance." *Ronderos,* 2024 WL 3894525, at *13 (internal citation omitted).

In this case, severance of all unconscionable terms does nothing to further the interests of justice because it does not prevent Defendant from continuing to draft unconscionable arbitration agreements. Severing multiple unconscionable provisions and enforcing the remainder could "create an incentive for an employer to draft a one-sided arbitration agreement in the hope employees would not challenge the unlawful provisions, but if they do, the court would simply modify the agreement to include the bilateral terms the employer should have included in the first place." *Mills v. Facility Solutions Group, Inc.,* 84 Cal. App. 5th 1035, 1045 (2022).

Lastly, even if this Court tried to sever all unconscionable provisions of the WA Arb. Agreement, the Agreement will still be unenforceable because it would require the Court to rewrite numerous provisions to force Defendant to agree to terms it never intended to. *See Armendariz*, 24 Cal. 4th at 125 (holding that courts do not the power to reform an agreement by "augmenting it with additional terms").

**IV. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendant's Motion to Compel Arbitration and Stay Proceedings pending Arbitration in its entirety.



Dated: August 30, 2024

BAKER LAW GROUP, LLP

_____/s/ *Michelle B. Baker*_________

Michelle B. Baker, Esq.

*Attorneys for Plaintiff Jeffrey Davidson*